1 | Nancy E. Harris (SBN: 197042)
nharris@meyersnave.com
2 | MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
3 | Oakland, California 94607
Telephone: (510) 808-2000
4 | Facsimile: (510) 444-1108

5 | Attorneys for Plaintiff, H.Q. Milton, Inc.

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11 | H.Q. MILTON, INC. | Case No. 4:17-CV-06598 PJH

12 | Plaintiff, | **STIPULATED INJUNCTION AND FINAL JUDGMENT**

13 | v.

14 | JESSY WEBSTER, in individual doing business as Oyster Palace, and HIDEKAZU | Courtroom: 3
Judge: Hon. Phyllis Hamilton

15 | MATSUBA, an individual, and DOES 1-10 inclusive , | Trial Date: None Set

16

17 | Defendants.

18

19 | On November 15, 2017, Plaintiff H.Q. Milton, Inc. filed its Complaint alleging claims

20 | against Defendants Jessy Webster and Hidekazu Matsuba for misappropriation of trade secrets in

21 | violation of the Defend Trade Secrets Act, 18 U.S.C. §1836, breach of fiduciary duty and duty of

22 | loyalty, intentional interference with prospective economic advantage and conversion. The parties

23 | have agreed to this Stipulated Injunction and Final Judgment to resolve all matters in dispute in

24 | this action without trial or adjudication of any issue of law or fact herein. Plaintiff H.Q. Milton,

25 | Inc. was represented by its attorney of record Nancy E. Harris of Meyers Nave, Ribeck, Silver &

26 | Wilson. Defendant Jessy Webster was represented by his attorney of record Russell L. Goodrow

27 | of Goodrow Law Office. Defendant Hidekazu Matsuba was represented by his attorney of record

28 | Burke Hansen of Hallinan & Hallinan PC.

**THEREFORE, IT IS HEREBY ORDERED, JUDGED AND DECREED**, as follows:

1. This Court has jurisdiction over the subject matter of this case and over the Parties under the Defend Trade Secrets Act pursuant to 18 U.S.C. § 1836 and over Plaintiff's supplemental state-law claims pursuant to 28 U.S.C. § 1367.

2. Venue in this District is proper under 28 U.S.C. § 1391(a) because a substantial part of the events that gave rise to Plaintiff's claims took place within the District.

3. The Complaint states claims upon which relief may be granted against Defendants under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

4. Defendants make no admissions to the allegations in the Complaint, other than the jurisdictional facts.

5. Defendants waive (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claims Defendants may have against Plaintiff, its employees, representatives, or agents that relate to the matter stated herein; and (c) any rights to attorneys' fees that may arise under any provision of law.

6. Entry of this Order is in the public interest.

7. For purposes of this Order:

   a. "Defendants" means Jessy Webster, an individual and doing business as "Oyster Palace", and Hidekazu Matsuba, an individual;

   b. "H.Q. Milton Customer" means those clients of H.Q. Milton, Inc. identified by H.Q. Milton in writing to Defendants in advance of the filing of this Stipulated Injunction and Final Judgment.

   c. "H.Q. Milton Preferred Customer" means those clients of H.Q. Milton, Inc. identified by H.Q. Milton in writing to Defendants in advance of the filing of this Stipulated Injunction and Final Judgment.

## ORDER

**IT IS ORDERED** that:

1. Defendants, and anyone acting in concert with them, are hereby enjoined from soliciting any H.Q. Milton Customer to purchase, sell or trade vintage or modern timepieces or

timepiece parts or components for a period of one year through and including January 18, 2019.

2.      Defendants, and anyone acting in concert with them, are hereby enjoined from conducting any purchase, sale or trade transaction for vintage or modern timepieces or timepiece parts or components with any H.Q. Milton Preferred Customer for a period of one year through and including January 18, 2019.

3.      This order is effective immediately and does not require the posting of an injunction bond.

4.      For the purpose of demonstrating Defendants' compliance with this Order, Defendant Matsuba shall file with this Court a declaration, sworn under penalty of perjury, attesting that he has complied with this Order, on a quarterly basis until January 18, 2019.

5.      For the purpose of demonstrating Defendants' compliance with this Order, Defendant Webster shall file with this Court a declaration, sworn under penalty of perjury, attesting that he has complied with this Order, on a quarterly basis until January 18, 2019.

## COSTS AND ATTORNEYS' FEES

IT IS FURTHER ORDERED that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Injunction and Final Judgment.

**IT IS SO ORDERED**.

DATED:  January __23__, 2018

_____
Hon. Phyllis J. Hamilton
United States District Judge

2914147.1